IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERIN WATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 3:14-cv-01441 |
| ) | JURY DEMAND |
| AURELIO GALLI, VANDERBILT ) | |
| UNIVERSITY SCHOOL OF MEDICINE ) | JUDGE SHARP |
| and VANDERBILT UNIVERSITY, ) | MAGISTRATE JUDGE GRIFFIN |
| ) | |
| Defendants. ) | |

### CASE MANAGEMENT ORDER # 1

A.   JURISDICTION AND VENUE

This matter involves federal questions under Titles VI and VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000d and 2000e, *et seq.*, Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12111 and 42 U.S.C. § 12181, and state law claims under the Tennessee Human Rights Act, T.C.A. § 4-21-301, *et seq.*, and Tennessee common law.  Plaintiff resides in Tennessee. Defendant Galli resides in Tennessee. Defendant, The Vanderbilt University, is a private institution of higher education with its principal place of business in Nashville, Davidson County, Tennessee. Jurisdiction and Venue are not disputed.

B.   BRIEF THEORIES OF THE PARTIES:

1.   Plaintiff:

Plaintiff began graduate school in June of 2009, in the program of neuroscience. During this time, Plaintiff was mostly taking classes but was also doing lab work. She maintained a 40 to 60 hour work week. For her work in the lab she was paid by the Interdisciplinary Program in

1

Biomedical and Biological Sciences (IGP) and did not receive a W-2 for tax purposes. Plaintiff first rotated into Defendant Galli's lab in the summer of 2009, but was technically still in the IGP program and was not yet assigned to his lab.

Plaintiff rotated into Defendant Galli's lab a second time in the spring of 2010. Plaintiff was not officially a part of the lab. During this time she was primarily doing lab work, writing grants for Defendant Galli's lab and studying for her qualifying exam. Plaintiff maintained a 40 to 60 hour work week. For her work in the lab she was paid by the Interdisciplinary Program in Biomedical and Biological Sciences (IGP) and did not receive a W-2 for tax purposes. Plaintiff officially joined Defendant Galli's lab on a training grant in the summer of 2010. During this time Plaintiff was primarily doing lab work, writing grants for Defendant Galli's lab, working on publications and studying for her qualifying exam. During this time she maintained a 40 to 60 hour work week. After passing her qualifying exam in September 2010, Plaintiff's main focus was on research in the lab. For her work in the lab she was paid by the Molecular Endocrinology Training Program (METP) and did not receive a W-2 for tax purposes. This continued for two years.

In the summer of 2012, Plaintiff's training grant funding ran out and she was then paid directly through Defendant Galli's grants. At this time she began receiving a W-2 form for tax purposes. She continued as an employee in this capacity until she reported the abuse and discrimination to the Director of Graduate Studies on August 22, 2013. While an employee, Plaintiff was primarily doing lab work, writing grants for Defendant Galli's lab, and working on publications. She maintained a 40 to 60 hour work week. Also, during this time Plaintiff was the teaching assistant in a class for Defendant Aurelio as a part of her Neuroscience Graduate Program requirements.

During the time Plaintiff worked in Defendant Galli's lab, he would routinely call her "ugly", "fat" and "stupid" in front of the other graduate students. These types of remarks by Defendant Galli to Plaintiff were common and witnessed on many occasions by other students. Defendant Galli would routinely call her a "lesbian" or "bisexual" or "polysexual" due to the fact that she went to an all-female college for her undergraduate education. Defendant Galli would make said remarks in either a mocking or overtly sexual manner depending on the occasion. Also, Defendant Galli would routinely mock and belittle Plaintiff concerning the fact she was in recovery for alcoholism. During the summer of 2013, Defendant Galli stated in the lunch room in front of numerous other students that he wished Plaintiff would start drinking again because she would be more fun.

Plaintiff was subjected to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature. The harassment suffered by Plaintiff was a result of her being a young attractive female. Additionally, Plaintiff was targeted due to her perceived bisexuality and the fact she was in recovery for substance abuse and had been sober for many years. Defendant Galli, daily acted in a manner towards Plaintiff which constituted sexual harassment, harassment, discrimination and emotional abuse. The conduct by Defendant Galli was so severe and pervasive to create an environment that a reasonable person would find hostile or abusive, and that Plaintiff subjectively regarded the environment as abusive. Vanderbilt University, Vanderbilt University School of Medicine, and Defendant Galli did create a hostile work environment which allowed Plaintiff to be subjected to sexual harassment, harassment, emotional abuse and discrimination.

Plaintiff was subjected to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature. The harassment

suffered by Plaintiff was a result of her being a young attractive female. Vanderbilt University and Vanderbilt University School of Medicine did create a hostile educational environment which allowed Plaintiff to be subjected to sexual harassment, harassment, emotional abuse and discrimination. Plaintiff would state that the harassment was sufficiently severe or pervasive so as to alter the conditions of her education and create an abusive educational environment. Plaintiff does hereby state that Vanderbilt University and Vanderbilt University School of Medicine failed to act in the face of known sexual discrimination and sexual harassment. Plaintiff would hereby allege that there is sufficient evidence "showing that the custom or policy, acquiescence in, conscious disregard of, or failure to investigate or discipline" on the part of Vanderbilt University and Vanderbilt University School of Medicine of the known discrimination and abuse perpetrated against Plaintiff. Vanderbilt University and Vanderbilt University School of Medicine had sufficient knowledge or direct involvement in the discriminatory conduct. Plaintiff provided adequate notice to Vanderbilt University and Vanderbilt University School of Medicine of the sexual harassment, harassment, emotional abuse and discrimination suffered by Plaintiff as a result of Defendant Galli's actions.

    Plaintiff is a recovering alcoholic who has been sober for many years. Alcoholism is a recognized medical disease which left untreated has a high mortality rate. Defendant Galli would systematically harass and abuse Plaintiff as a result of her condition and her continued sobriety.

    Plaintiff went to Doug McMahon on August 22, 2013 and reported the abuse she had suffered the past four years. Plaintiff was removed from her lab and no action was taken against Defendant Galli. Plaintiff was told that if she wanted to stay, she would have to start over in a new lab, which would set her back several years in her doctoral work. To Plaintiff's knowledge, no appropriate corrective action was taken other than to remove her, thus damaging her ability to

complete a PhD. On August 27, 2013, Plaintiff informed Defendant Cone of the abuse she had suffered at the hands on Defendant Galli. Defendant Cone informed Plaintiff that in his opinion it "was nothing but a personality conflict." Plaintiff was then advised to take a vacation. Upon information and belief no action was taken against Defendant Galli. On September 09, 2013, Plaintiff informed Roger Colbran, a peer of Defendant Galli, and Plaintiff's thesis committee chair, of the abuse Plaintiff had suffered at the hands of Defendant Galli.

As a result of the sexual harassment, mental abuse and discrimination Plaintiff sought psychological counseling at Athena Consulting & Psychological Services from August 2013 until February 2014. As a result of the sexual harassment, mental abuse and discrimination Plaintiff sought psychological counseling at Vanderbilt Psychological and Counseling Center from September 2009 until 2013. During this time, Plaintiff was seeing the psychologist provided to the graduate students in the program. The psychologist diagnosed her with PTSD, depression and other disorders from the harassment she experienced in Defendant Galli's lab.

As a result of the constant sexual harassment, mental abuse and discrimination, Plaintiff left the Neuroscience program in the fall of the 2013 without receiving the PhD for which she had been working.

Plaintiff also has causes of action under Tennessee state law including violation of the Tennessee Human Rights Act, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring and retention/supervision.

2. Defendants:

The Defendants, The Vanderbilt University and Dr. Aurelio Galli, deny that the Plaintiff is entitled to any of the relief she seeks against either of them under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), Subchapters I or III of the Americans with Disabilities

Act ("ADA"), Title VI of the Civil Rights act of 1964, as amended, Title IX of the Education Amendments Act of 1972, the Tennessee Human Rights Act, or under Tennessee common law. The Defendants assert that at all times relevant to the claims set forth by the Plaintiff in her Complaint, she was a graduate student, and not an employee, so that she was not subject to protections under Title VII, Subchapter I of the ADA, or the Tennessee Human Rights Act. Any compensation paid to the Plaintiff after she was admitted to Vanderbilt Neuroscience Graduate Program, and for a brief period in late August through October, 2013 as a student in the Vanderbilt Brain Institute ("VBI"), was in the form of stipends or other tuition and living support, not as wages. The Defendants deny Plaintiff was subjected to any discrimination as a student based on her national origin or gender. The Defendants deny that the Plaintiff was subjected to any hostile environment on the basis of her gender by Dr. Galli or any other representative of Defendant Vanderbilt. The Defendants deny that the Plaintiff made any complaint of sexual harassment by Dr. Galli, or any other Vanderbilt employee, either under the procedures established by Vanderbilt for reporting such claims or informally to any person in authority. The Defendants deny that the Plaintiff was subjected to any harassment on the basis of disability. The Defendants deny that the Plaintiff can set forth a claim for intentional or negligent infliction of emotional distress under Tennessee law or for negligent hiring and supervision against the Defendant Vanderbilt University. The Defendants assert that any adverse action taken against the Plaintiff was based on legitimate academic decisions and not because of her gender, disability or her participation in any alleged protected activity. The Defendants deny that the Plaintiff engaged in any protected activity under any federal or state law. The Defendants deny that the Plaintiff is entitled to punitive damages for any of the claims which she asserts or any other damages which she seeks in this action. Any claim for damages under Title VII is subject

to the limitations contained in 42 U.S.C. § 1981a(b)(3). Any claim for punitive damages based on Tennessee common law is limited by T.C.A. § 29-30-104. Punitive damages are not recoverable under the THRA, Title VI, Title IX or Subchapter III of the ADA.

C.	ISSUES RESOLVED: Service of process, jurisdiction and venue.

D.	ISSUES STILL IN DISPUTE: Liability, and damages.

E.	NEED FOR COUNTERCLAIMS, CROSS-CLAIMS, JOINDER OF ADDITIONAL PARTIES: Although the parties do not anticipate any counterclaims or cross-claims, the parties may pursue any of the above, in accordance with the Federal Rules of Civil Procedure.

F.	INITIAL DISCLOSURES AND STAGING OF DISCOVERY: The parties shall exchange initial disclosures within 30 days from the date of the initial case management conference, or on, or before, September 26, 2014.

The deadline for written discovery shall be December 1, 2014. Plaintiff shall be allowed 30 written interrogatories to be served upon Defendant Vanderbilt University. Plaintiff shall be allowed up to an additional 25 interrogatories to be served upon Defendant Galli. All written discovery shall be served sufficiently in advance of December 1, 2014 that all responses are due by that date. All other written discovery requests shall conform to the Federal Rules of Civil Procedure and the Local Rules of Court.

Oral discovery shall be completed on or before May 1, 2015.

Prior to filing any discovery related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge.

G.	ELECTRONIC DISCOVERY: Both parties have agreed to take all reasonable steps to identify and preserve potentially relevant electronically stored information. The parties

7

will discuss and agree on the discovery of electronically stored information ("ESI"). The default standard contained in Administrative Order 174 shall not apply in this case.

  H. DISCLOSURE OF EXPERTS: Plaintiff will disclose any experts by February 2, 2015 and provide the mandatory reports required by FRCP 26(a)(2) on or before March 2, 2015. Defendants will disclose any experts and provide the mandatory reports on or before April 1, 2015. Any rebuttal experts and reports will be disclosed on or before May 1, 2015. Depositions of experts will be completed by June 1, 2015.

  I. ALTERNATIVE DISPUTE RESOLUTION: The parties do not believe that mediation will be helpful in this matter until discovery has been completed. If the parties decide to request a Settlement Conference, such request will be made to the Magistrate Judge.

  J. DISPOSITIVE MOTIONS: The Defendants anticipate filing a dispositive motion in this case. Such motion will be filed on or before June 1, 2015. Any response will be due 21 days after such motion is filed or on June 22, 2015, whichever is sooner. Any reply will be filed 14 days after the response, or by July 6, 2015, whichever is sooner. Primary briefs will not exceed 20 pages. Any reply brief will not exceed 10 pages.

  K. TRIAL DATE: This case will be set for trial by separate order.

  SO ORDERED this the _____ day of August, 2014.

_____
THE HONORABLE JULIET GRIFFIN
United States Magistrate Judge

8

Case 3:14-cv-01441   Document 22   Filed 08/26/14   Page 8 of 9 PageID #: 116

APPROVED FOR ENTRY:

/s/Jonathan Miley  
Jonathan L. Miley (BPR # 022528)  
jlmileylaw@aol.com  
2225 Grantland Avenue  
Nashville, TN 37204  
(615) 306-6067  

*Attorney for Plaintiff*

/s/ William N. Ozier  
William N. Ozier (BPR #003409)  
bozier@bassberry.com  
Tim K. Garrett (BPR #0012083)  
tgarrett@bassberry.com  
L. Lymari Cromwell (BPR #027405)  
lcromwell@bassberry.com  
BASS, BERRY & SIMS PLC  
150 Third Avenue South, Suite 2800  
Nashville, Tennessee 37201  
(615) 742-6232  

-and-

Leona Marx (BPR # 011959)  
Associate General Counsel  
Vanderbilt University  
2100 West End Avenue  
Suite 750  
Nashville, Tennessee 37203  

*Attorneys for Defendants*

13392099.2

9

Case 3:14-cv-01441 Document 22 Filed 08/26/14 Page 9 of 9 PageID #: 117