IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ERIN WATT, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:14-cv-01441 |
| | ) | |
| v. | ) | JUDGE SHARP |
| | ) | |
| AURELIO GALLI, VANDERBILT | ) | MAGISTRATE JUDGE GRIFFIN |
| UNIVERSITY SCHOOL OF MEDICINE | ) | |
| and VANDERBILT UNIVERSITY, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO AMENDED COMPLAINT

Defendants, The Vanderbilt University and Vanderbilt University School of Medicine (collectively, "Vanderbilt University") and Aurelio Galli ("Galli") (collectively, the "Defendants"), assert the following defenses and make the following Answer to Plaintiff's Amended Complaint:

## ANSWER TO SPECIFIC ALLEGATIONS

For Answer to the specific allegations contained in the Complaint, Defendants state:

## PARTIES

1. Defendants admit Plaintiff's purported residence and telephone number upon information and belief. Defendants admit that Plaintiff is a former graduate student of Vanderbilt University.

2. Defendants aver that Galli is a Professor of Molecular Physiology and Biophysics at Vanderbilt University and admit that his employment address is set forth in Paragraph 2 of the Complaint. Defendants admit that Galli is an individual defendant in this lawsuit, but deny that Plaintiff is entitled to any recovery in her claims against Galli. Any allegation inconsistent with the

foregoing is denied.

3. Defendants deny that the Vanderbilt School of Medicine is a separate legal entity from Vanderbilt University. Defendants admit that Vanderbilt University's registered agent is located at the addresses set forth in Paragraph 7 of the Complaint. Any allegation inconsistent with the foregoing is denied.

4. Admitted. Defendants aver that The Vanderbilt University is a Tennessee not-for-profit corporation.

## JURISDICTION

5. Defendants admit that Plaintiff has brought claims against Defendants under Tennessee common law, as well as the state and federal statutes identified in Paragraph 5 of the Complaint, for conduct that allegedly occurred in Davidson County, Tennessee. Defendants deny that Plaintiff is entitled to the relief sought in this lawsuit. Defendants further deny that Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Americans with Disabilities Act ("ADA") apply to Plaintiff's claims, as Plaintiff has failed to allege that any unlawful conduct occurred during the time that she was an employee of Vanderbilt University. Defendants aver that at all times relevant to Plaintiff's claims, she was a graduate student, not an employee.

6. Admitted.

7. Defendants admit that jurisdiction is proper in this Court, but deny that Plaintiff's claims are actionable.

## STATUTE OF LIMITATIONS

8. Paragraph 8 of the Complaint contains a legal conclusion to which Defendants are not required to respond. Defendants assert that many of Plaintiff's claims are barred by the applicable

statute of limitations.

9. Paragraph 9 of the Complaint contains legal conclusions to which Defendants are not required to respond. Defendants assert that many of Plaintiff's claims are barred by the applicable statute of limitations.

10. Paragraph 10 of the Complaint contains legal conclusions to which Defendants are not required to respond. Defendants assert that many of Plaintiff's claims are barred by the applicable statute of limitations.

11. Paragraph 11 of the Complaint contains legal conclusions to which Defendants are not required to respond. Defendants assert that many of Plaintiff's claims are barred by the applicable statute of limitations.

12. Paragraph 12 of the Complaint contains legal conclusions to which Defendants are not required to respond.

## FACTS

13. Defendants aver that in the fall semester of 2009, Plaintiff became a full-time graduate student in its Neuroscience Graduate Program. Defendants admit that as a full-time graduate student, Plaintiff's primary responsibility was coursework, but aver that she also performed lab work as part of her graduate program. Defendants aver that for the period of August 1, 2009 through June 30, 2010, Plaintiff received a stipend from the Interdisciplinary Program in Biomedical and Biological Sciences ("IGP"), which supports graduate students in the early years of their participation in a Ph.D. program. Defendants admit that Plaintiff did not receive a W-2 for her stipend earnings and aver that such earnings were not considered "employment wages," but rather, scholarship earnings. Defendants deny that Plaintiff worked 40 to 60 hours per week in the lab. Any

allegation inconsistent with the foregoing is denied.

14.     Denied.  Defendants aver that Plaintiff was an employee in Galli's lab from July 1, 2009 through August 15, 2009, prior to beginning as a full-time graduate student in the Neuroscience Graduate Program.

15.     Defendants aver that as a graduate student participating in the IGP program, Plaintiff rotated to Galli's lab for the first time in March-April 2010.  Defendants aver that this was a temporary rotation.  Defendants admit that during this time, Plaintiff received a stipend from the IGP and did not receive a W-2 for her stipend earnings.  The remaining allegations set forth in Paragraph 15 of the Complaint are denied.  Any allegation inconsistent with the foregoing is denied.

16.     Defendants aver that Plaintiff selected Galli as her thesis mentor in May 2010, and therefore, returned to his lab in the summer of that year.  Defendants admit that Plaintiff passed her qualifying exam and that, in the summer of 2010, she began to receive a stipend from the Molecular Endocrinology Training Program ("METP"), which was supplemented by Galli's grant funds.  She received the stipend for approximately two years and did not receive a W-2 for her stipend earnings.  The remaining allegations set forth in Paragraph 16 of the Complaint are denied.

17.     Defendants admit that in the summer of 2012, Plaintiff's METP stipend expired and she began to receive graduate student funding paid by Galli's grant funds.  Defendants admit that Plaintiff received a W-2 in regards to these payments, but deny that she was an employee of Vanderbilt University.  Defendants also deny that Plaintiff reported any "abuse and discrimination" to the Director of Graduate Studies in August, 2013 or at any other time.

18.     Defendants admit that, per her request, Plaintiff served as the teaching assistant in one of Galli's spring 2013 courses as part of her graduate program requirements.  Defendants deny the

remaining allegations set forth in Paragraph 18 of the Complaint.

19. Defendants aver that in August 2013, Plaintiff made the decision to pursue a Master's degree in lieu of a Ph.D. As a result of this change, her funding was transferred to Vanderbilt Brain Institute ("VBI") effective August 23, 2013 and she continued to receive such funding until October 15, 2013, at which point she secured employment outside of Vanderbilt University and she left Vanderbilt. Any allegation inconsistent with the foregoing is denied. Defendants deny that Plaintiff was an employee on or after September 1, 2013.

20. Denied. Defendants aver that in August 2013, Plaintiff voluntarily chose to stop pursuing her Ph.D. and instead opted to obtain a Master of Science Degree in Neuroscience, which was awarded to her by Vanderbilt University in December 2013.

21. Denied.

22. Denied.

23. Denied.

24. Defendants lack knowledge and information sufficient to admit or deny the allegation that Plaintiff "had been sober for many years and the presence of alcohol was not an issue for her." The remaining allegations set forth in Paragraph 24 of the Complaint are denied.

25. Denied.

26. Defendants admit that Plaintiff was nominated to run for Representative of the Middle TN Chapter Society for Neuroscience. Defendants deny the remaining allegations set forth in Paragraph 26 of the Complaint.

27. Defendants lack knowledge and information sufficient to admit or deny the allegation that "[m]any of the committee members routinely saw [Plaintiff] working when they would come to

the lab." The remaining allegations set forth in Paragraph 27 of the Complaint are denied.

28. Denied.

29. Defendants admit that Plaintiff was elected President of the Neuroscience Student Organization and aver that she voluntarily declined the position. Defendants aver that Galli cautioned Plaintiff that extracurricular activities might impede her progress in the graduate program, given that she was already progressing slower than expected. Defendants lack knowledge and information sufficient to admit or deny whether the election was a "great honor" to Plaintiff. Defendants deny the remaining allegations set forth in Paragraph 29 of the Complaint.

30. Denied.

31. Denied.

32. Defendants have no knowledge of Plaintiff's "feelings" and, therefore, deny those allegations.

33. Denied.

34. Denied.

35. Denied.

36. Defendants admit that during a national academic conference held in New Orleans in or around November 2012, Galli, another male professor and three graduate students (one male and two female – one of whom was Plaintiff) shared a condo, which Dr. Galli had made arrangements for so that Plaintiff and other graduate students could attend the conference on the limited funds available for that trip. Defendants admit that the other professor slept on the sofa in the condo. The remaining allegations set forth in Paragraph 36 of the Complaint are denied.

37. Defendants aver that during a national academic conference held in San Diego in

2011, Galli organized a party on a houseboat and invited graduate students to attend. The remaining allegations set forth in Paragraph 37 of the Complaint are denied. Any allegation inconsistent with the foregoing is denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied. Defendants aver that Galli was supportive of Plaintiff's recovery, allowing her to take time off as needed to attend her Alcoholics Anonymous ("AA") meetings and allowing her to work on AA projects in his lab.

46. Defendants deny Plaintiff's allegation that she met with Doug McMahon, Director of Graduate Studies for Neuroscience, on August 15, 2013. Defendants aver that Plaintiff sent an email to Dr. McMahon on August 15, 2013 stating that she had decided to leave the Ph.D. program and pursue a Master's degree. The remaining allegations set forth in Paragraph 46 of the Complaint are denied, including specifically the allegation that Plaintiff reported or made any complaint of "abuse" by Galli to Dr. McMahon.

47. Defendants admit that Dr. McMahon and Plaintiff had a meeting on August 22, 2013. Defendants aver that during that meeting, Plaintiff informed Dr. McMahon that Galli had made hurtful remarks toward her, but deny that she characterized the alleged comments as sexual or

discriminatory in nature. Dr. McMahon informed her that there were resources on campus to assist her with her concerns, but Plaintiff stated that she did not want to pursue any action. Defendants aver that Dr. McMahon informed Plaintiff that because she did not want to continue in Galli's lab, she could select an alternative thesis mentor and continue pursuing her Ph.D., but she ultimately refused and chose, instead, to pursue a Master's degree. Defendants deny that Plaintiff was removed from Galli's lab against her will, but aver that she voluntarily chose to leave his lab. Any allegation inconsistent with the foregoing is denied.

48. Denied. Defendants aver that Plaintiff met with Dr. Roger Cone, Chair of the Molecular Physiology and Biophysics Department, on or about August 27, 2013 to discuss opportunities in other labs, but deny that Plaintiff made any mention of her alleged concerns with Galli to Dr. Cone.

49. Denied. Defendants aver that on or about September 10, 2013, Dr. Roger Colbran, a peer of Galli's and Plaintiff's thesis committee chair, met with Plaintiff to discuss her decision to obtain a Master's degree and withdraw from the Ph.D. program. Defendants deny that Plaintiff made any mention of her alleged concerns with Galli to Dr. Colbran.

50. Denied.

51. Defendants admit that Dr. Cone is Chair of Dr. Galli's Academic Department and, to that extent, Dr. Galli's superior. The remaining allegations set forth in Paragraph 51 of the Complaint are denied.

52. Denied.

53. Defendants have no knowledge as to any counseling sought or received by Plaintiff and, therefore, deny such allegations. Defendants further deny Plaintiff's allegations of sexual

harassment, mental abuse and discrimination.

54. Defendants have no knowledge as to any counseling sought or received by Plaintiff and, therefore, deny such allegations. Defendants further deny Plaintiff's allegations of sexual harassment, mental abuse and discrimination.

55. Defendants deny that Plaintiff was subjected to unlawful harassment in Galli's lab. Defendants lack knowledge and information sufficient to admit or deny the remaining allegations set forth in Paragraph 55 of the Complaint. Those allegations are, therefore, denied.

56. Denied.

## FEDERAL CAUSES OF ACTION

## COUNT I – VIOLATION OF TITLE VII

57. Defendants' responses to Paragraphs 1-56 of the Complaint are incorporated as if fully set forth herein.

58. Admitted. Footnote 1 of the Complaint contains legal conclusions to which Defendants are not required to respond. Defendants deny that Plaintiff was an employee of Vanderbilt at any time relevant to this lawsuit and that Title VII applies to Plaintiff's claims against Defendants.

59. Defendants aver that Plaintiff was an employee of Vanderbilt University from June 2, 2008 through August 15, 2009, but that thereafter she was, at all time, a graduate student and not an employee until she left Vanderbilt in October, 2013. Any allegation inconsistent with the foregoing is denied.

60. Defendants aver that Plaintiff was an employee of Vanderbilt University from June 2, 2008 through August 15, 2009. Any allegation inconsistent with the foregoing is denied.

61. Denied.

62. Denied. Defendants aver that Plaintiff's alleged status as a recovering alcoholic is not covered by Title VII and deny that Plaintiff can state any claim under Title VII.

63. Denied. Defendant Galli denies that he is individually liable for any claim under Title VII.

64. Defendants lack knowledge and information sufficient to admit or deny Plaintiff's subjective perception of the environment in Galli's lab. That allegation is, therefore, denied. All remaining allegations set forth in Paragraph 64 of the Complaint are denied.

65. Denied. Footnote 2 of the Complaint contains legal conclusions to which Defendants are not required to respond.

66. Denied. Footnote 3 of the Complaint contains legal conclusions to which Defendants are not required to respond.

67. Denied.

68. Denied.

69. Denied. Defendant denies that Plaintiff utilized any of its procedures for reporting any claim of discrimination or sexual harassment.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Admitted.

## COUNT II – VIOLATION OF TITLE IX

75. Defendants' responses to Paragraphs 1-74 of the Complaint are incorporated as if fully set forth herein.

76. Admitted.

77. Admitted.

78. Denied.

79. Denied that Plaintiff suffered any harassment by any agent of Vanderbilt because of her gender.

80. Denied.

81. Denied.

82. Denied. Defendant denies that Plaintiff utilized any of its established procedures for reporting any allegations of discrimination or sexual harassment.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied. Defendants deny that Plaintiff engaged in any conduct that was protected under Title IX.

89. Denied.

### COUNT III – VIOLATION OF AMERICANS WITH DISABILITY [sic] ACT TITLE (sic) I AND TITLE (sic) III

90. Defendants' responses to Paragraphs 1-89 of the Complaint are incorporated as if

fully set forth herein.

91.     Defendants admit upon information and belief that Plaintiff is a recovering alcoholic. Defendants lack knowledge and information sufficient to admit or deny that Plaintiff has been "sober for many years." That allegation is, therefore, denied.

92.     Defendants admit that alcoholism is a medical disease with significant health issues.

93.     Denied.

94.     Denied.

95.     Defendants admit that the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue with respect to Plaintiff's claim under Subchapter I of the ADA. Defendants deny that at any relevant time Plaintiff was an employee of Vanderbilt or that she has any claim cognizable under Subchapter I of the ADA. Defendants deny that Plaintiff's claim under Subchapter III of the ADA falls under the EEOC's jurisdiction. Defendants deny that Plaintiff has asserted any cognizable claim under Subchapter III of the ADA.

## STATE CAUSES OF ACTION

## COUNT IV – VIOLATION OF TENNESSEE HUMAN RIGHTS ACT

96.     Defendants' responses to Paragraphs 1-95 of the Complaint are incorporated as if fully set forth herein.

97.     Paragraph 97 and Footnote 5 of the Complaint contain legal conclusions to which Defendants are not required to respond.

98.     Admitted that Plaintiff is a female, but denied that she was an employee of Vanderbilt at any time relevant to her claims.

99.     Denied.

100. Denied.

101. Denied.

102. Denied. Defendants deny that the THRA applies to students and deny that at any time relevant to Plaintiff's claims she was an employee of Vanderbilt.

103. Denied. Defendant Vanderbilt denies that Plaintiff utilized any of its established procedures to report any claim of gender or disability discrimination, including any claim of sexual harassment.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

## COUNT V – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

111. Defendants' responses to Paragraphs 1-110 of the Complaint are incorporated as if fully set forth herein.

112. Denied. Defendants aver that Footnote 6 of the Complaint contains legal conclusions to which Defendants are not required to respond.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

## COURT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

117. Defendants' responses to Paragraphs 1-116 of the Complaint are incorporated as if fully set forth herein.

118. Denied. Defendants aver that Footnote 7 of the Complaint contains legal conclusions to which Defendants are not required to respond.

119. Defendants admit that Galli was permitted to interact with female students in his role as a professor of Vanderbilt University. Defendants deny the remaining allegations set forth in Paragraph 119 of the Complaint.

120. Denied.

121. Denied.

## COUNT VII – NEGLIGENT HIRING AND SUPERVISION

122. Defendants' responses to Paragraphs 1-121 of the Complaint are incorporated as if fully set forth herein.

123. Denied. Defendants aver that Footnote 8 of the Complaint contains legal conclusions to which Defendants are not required to respond.

124. Denied.

125. Denied.

126. Denied.

127. Defendants admit that Dr. Cone is Galli's supervisor as his Department Chair. Dr. Cone is no longer a Defendant in this matter. The remaining allegations set forth in Paragraph 127 of the Complaint are denied.

128. Denied. Dr. Wallace is no longer a Defendant in this matter.

129. Denied that Dr. Galli had any history of sexual, mental or emotional abuse of any student, prior to, or during, his employment by Vanderbilt, or that he engaged in any such conduct towards Plaintiff or any other student or employee.

130. Denied that Dr. Galli had any history of sexual, mental or emotional abuse of any student, prior to, or during, his employment by Vanderbilt, or that he engaged in any such conduct towards Plaintiff or any other student or employee.

131. Defendants deny that Plaintiff is entitled to any of the relief requested in her prayer for relief.

132. All other allegations in the Complaint not heretofore admitted or denied are here and now denied fully as if in detail.

133. Defendants deny that Plaintiff is entitled to recover any damages, actual, compensatory, or punitive, on any of the claims asserted by her, or that she is entitled to any other relief that she seeks.

## ADDITIONAL AND/OR AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim in whole or in part against the Defendants, or either of them, upon which relief can be granted.

### SECOND DEFENSE

Defendants deny that either of them engaged in any conduct for which punitive damages would be recoverable under Tennessee law.

### THIRD DEFENSE

Any claim for punitive damages against Defendants arising under a state law claim must be presented in accordance with the procedures set forth in <u>Hodges v. S.C. Toof & Company</u>.

**FOURTH DEFENSE**

Upon information and belief, Plaintiff has failed to mitigate her damages.

**FIFTH DEFENSE**

Punitive damages are not available under the THRA, Title IX, or Subchapter III of the ADA.

**SIXTH DEFENSE**

Any claim for damages by the Plaintiff under Title VII is subject to the limitations on damages set forth in 42 USC § 1981a(b)(3).

**SEVENTH DEFENSE**

Plaintiff's negligence claims against Vanderbilt University are barred by the exclusive remedy provided for such claims under the Tennessee Workers' Compensation Act. In the alternative, Plaintiff's negligence claims are barred because her fault was at least as great as the fault (if any) of the Defendants.

**EIGHTH DEFENSE**

Plaintiff's claim of intentional infliction of emotional distress should be dismissed because the conduct alleged by Plaintiff does not rise to the level of being extreme or outrageous.

**NINTH DEFENSE**

To the extent Defendants are found to have violated the state and federal statutes under which Plaintiff seeks relief, any such violation occurred despite Defendants' good faith attempts to comply with such statutes and despite Defendants' reasonable belief that they were not violating those statutes.

## TENTH DEFENSE

To the extent any discrimination, harassment or retaliation occurred against the Plaintiff, which Defendants deny, such discrimination, harassment or retaliation would have been in violation of the established and published policies of Vanderbilt University prohibiting such unlawful conduct and would have been contrary to Vanderbilt University's good faith efforts to avoid such unlawful conduct.

## ELEVENTH DEFENSE

Any adverse actions taken with respect to Plaintiff were not based in any manner upon sex, national origin, disability or any alleged protected activity in which Plaintiff claims to have engaged. All decisions made and actions taken with respect to Plaintiff were based on legitimate, nondiscriminatory, non-retaliatory and non-pretextual reasons and were in good faith, without malice or reckless indifference to Plaintiff's federally protected rights, and without any intent to injure or harm her; and therefore, were not in violation of any law.

## TWELFTH DEFENSE

Although Plaintiff had knowledge of Vanderbilt University's anti-harassment/discrimination/retaliation policies and the reasonable complaint procedures contained therein, Plaintiff unreasonably failed to take advantage of such preventative and corrective measures offered by Vanderbilt University or avoid harm otherwise.

## THIRTEENTH DEFENSE

Defendants deny that Plaintiff has asserted any cognizable claim under Subchapter III of the ADA.

### FOURTEENTH DEFENSE

Any claim for punitive damages under Tennessee law is subject to the limitations contained in T.C.A. § 29-30-104.

### FIFTEENTH DEFENSE

At all times relevant to Plaintiff's claims, she was not an employee and has no claims under Title VII, THRA, or Subchapter I of the ADA.

### SIXTEENTH DEFENSE

Defendants deny that Plaintiff engaged in any activity protected under any federal or state statute and that any adverse action toward her was taken in retaliation for any such activity.

### SEVENTEENTH DEFENSE

Any damages sought by Plaintiff for any claims under Tennessee common law are subject to the limitations contained in T.C.A. § 29-39-102.

### EIGHTEENTH DEFENSE

Defendants request that they be awarded their attorneys' fees pursuant to 42 U.S.C. § 2000e-5(k) for Plaintiff's asserted claims under Title VII.

### RESERVATION OF RIGHTS

Defendants reserve the right to assert additional defenses as Plaintiff's claims are clarified during the course of this litigation.

WHEREFORE, having fully answered, Defendants request that Plaintiff's action be dismissed with prejudice and that all costs be taxed to the Plaintiff.

DATED this 5th day of November, 2014.

                BASS, BERRY & SIMS, PLC.

                /s/ William N. Ozier
                William N. Ozier (BPR #003409)
                Timothy K. Garrett (BPR #0012083)
                L. Lymari Cromwell (BPR #027405)
                150 Third Avenue South, Suite 2800
                Nashville, Tennessee 37201
                (615) 742-6200
                bozier@bassberry.com
                lcromwell@bassberry.com
                tgarrett@bassberry.com
                *Attorneys for Defendants*

                Leona Marx (BPR # 011959)
                Associate General Counsel
                Vanderbilt University
                2100 West End Avenue
                Suite 750
                Nashville, Tennessee 37203
                *Attorney for Defendant Vanderbilt University*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished via the Court's electronic filing system to the following on this 5th day of November, 2014:

    Jonathan L. Miley, Esq.
    2225 Grantland Avenue
    Nashville, TN 37204

                /s/ William N. Ozier

13638448.1